[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS-APPLICATIONS TO CONFIRM AND TO VACATE ARBITRATION
The plaintiff Donald Steeves was injured in an auto accident. He brings this action to confirm an arbitration award in his favor in the amount of $308,191. The defendant Great American Insurance Company, the other party to the arbitration, is the plaintiff's insurer for underinsured motorist coverage. The defendant has moved to vacate the arbitration award.
The arbitrators found that the full amount of the damages suffered by the plaintiff was as follows: $41,191 in medical expenses and $92,000 in lost wages, so that his economic damages were $133,191; and $175,000 in noneconomic damages, for a total arbitration award of $308,191 "in new money." CT Page 8612
Prior to the arbitration, the plaintiff had recovered $20,000 from the torfeasor, which was the limit of the tortfeasor's insurance. The plaintiff had also recovered $102,745.78 in workers compensation, less a payback to the workers compensation carrier of two-thirds of the tortfeasor's payment (-$13,098.36) in settlement of the workers compensation lien, for a workers compensation recovery of $89,647.42. Thus the amount the plaintiff received from the tortfeasor and from workers compensation combined was $109,647.42.
The defendant argues that the damages awarded at the arbitration must be reduced by $109,647.42 to prevent a windfall to the plaintiff. The plaintiff argues that he is entitled to his full damages from the defendant unless there is some language in the insurance policy that prohibits such a recovery, and that there is no such language.
THE POLICY LANGUAGE
Both parties focus on the following language from the policy in support of their respective positions:
D. LIMIT OF INSURANCE
 1. Regardless of the number of covered "autos," "Insureds," premiums paid, claims made or vehicles involved in the "accident," the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorists Coverage
shown in the Schedule or Declarations.
2. The Limit of Insurance shall be reduced by:
 a. All sums paid or payable under any workers' compensation, disability benefits or similar law; and
 b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage.
 3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form, Medical Payments Coverage endorsement or Basic Reparations Beneefits endorsement attached to this Coverage Part.
We will not make a duplicate payment under this CT Page 8613 Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.
 We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.
THE SCOPE OF REVIEW
The parties disagree on the proper scope of this court's review. The defendant argues that this is a compulsory arbitration under Conn. Gen. Stat. § 38a-336 (c) and thus the scope of review is de novo. AmericanUniversal Insurance Co. v. DelGreco, 205 Conn. 178, 530 A.2d 171 (1987). The plaintiff argues that this is a voluntary unrestricted submission so that the scope of review is limited. Regardless of the fact that the submission was unrestricted, the insurance policy contains a clause that obligates the parties to participate in binding arbitration. InDelGreco, the Supreme Court held that "where judicial review of compulsory arbitration proceedings required by [§ 38a-336 (formerly 38-175c (a)(1)] is undertaken under General Statutes § 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal InsuranceCo. v. DelGreco, supra, 191. The scope of review is de novo.
THE APPLICATION OF THE TERMS OF THE POLICY TO THIS AWARD
The arbitrators found the full amount of the plaintiff's damages to be $308,191. He had received a total of $109,647.42 from the tortfeasor and from workers' compensation before the arbitration proceeding commenced. The arbitrators failed to credit the defendant with these payments, interpreting the insurance contract to provide that the credit shall be taken against the limit of insurance, which the arbitrators construed to mean the upper amount of coverage that the insurer might be obligated to pay for one accident or loss. See Declaration Page. Thus the arbitrators subtracted $109,647.42 from $500,000, the upper limit of coverage, and determined that $390,352.58 of coverage under the policy was still available to this plaintiff, well above the $308,191 the arbitrators awarded.
The arbitrators failed to consider the complete wording of Section D in the insurance contract defining "Limit of Insurance." That Section, in paragraph 3, explains that the insurer "will not make a duplicate payment under this Coverage for any element of `loss' for which payment has been made by or for anyone who is legally responsible," i.e. the tortfeasor CT Page 8614 here. Moreover, the remainder of that paragraph provides that the insurer "will not pay for any element of `loss' if a person is entitled to receive payment for the same element of "loss' under any workers' compensation . . . law." These sections make clear that the insured is not entitled to "duplicate payments for the same elements of `loss'." Insurance Contract, Section D.3.
The arbitrators incorrectly applied the basic principles of contract interpretation when they refused to credit against the insurer's payment
the previous sums recovered by the plaintiff from the tortfeasor and from workers compensation.
CONCLUSION
The application to confirm the award is denied. The court finds that the arbitrators have imperfectly executed their powers under Conn. Gen. Stat. § 52-418 (a)(4) and vacates the award.
Patty Jenkins Pittman, Judge